UNITED STATES DISTRICT COURT

DISTRICT OF DELAWARE



| | |
|---|---|
| CURTIS E. MCALLISTER,  Petitioner | ) ) |
| v. | ) Civ.A.No. 05 - 78 - SLR ) |
| THOMAS CARROLL, Warden | ) |
| M. JANE BRADY, Del.A.G. | ) |

FILED
APR 1 1 2005
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## AMENDMENT TO PETITION
## FOR WRIT OF HABEAS CORPUS

Petitioner has filed a petition for writ of habeas corpus in this Court under the above captioned. On March 7, 2005, petitioner was ordered by the Court to respond to Court's AEDPA Notice by April 25, 2005. Pursuant to the AEDPA Election Form included with the Notice, the petitioner will amend his supporting Memorandum of Law as follows:

1) Petitioner begins Ground One, subsection a) on page 5 of his Memorandum. This issue addresses the Constitutionality of the Delaware statute which authorizes probation officers to search probationers without a warrant. In the state courts, the State asserted that the search of petitioner was valid under the statute whereas, petitioner was to have supposedly signed away his rights on a form provided by the Probation Department. The State produced a blank copy of this form, but was never able to produce a copy with the petitioner's signature, or even his assigned case number, on it.

The logical and legal presumption is that the petitioner was never shown nor never signed any aforesaid form. Therefore, the State's contention that the petitioner was aware of the fact that he was subject to warrantless searches at any given time is nowhere supported by the

record. A copy of the blank form provided by the State is attached hereto. (Attachment One).

The petitioner further raises the issue of whether probation officers followed the statutorily mandated departmental regulations prior to initiating the search of the petitioner. The record demonstrtates that they did not. The petitioner would like to notify the Court that those regulations were changed as a result of the petitioner's case. The regulations in force at the time of petitioner's search and arrest are attached hereto as Attachment Two.

The record shows that Probation Officer had already conducted the search, and reteived a key from the petitioner, before Morehart's supervisor had ever been reached by telephone. It was alleged by Morehart that the search was curory, in an effort to check for weapons. However, a key in the pocket of the petitioner hardly would have felt like a weapon, or drug contraband, to a person of reasonable intlligence. It is clear that Morehart went well beyond the scope of a Terry search. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868 (1968). The prescribed circumstances must include a "reasonable and articulable" suspicion that the suspect is armed and dangerous. Reid v. Georgia, 448 U.S. 438, 100 S.Ct. 2752 (1980)(per curium). That foundation must include "specific, objective facts." Brown v. Texas, 443 U.S. 47, 199 S.Ct. 2637 (1979).

The extent of such a search is limited to the touching of the outer clothing of the person. Terry, 392 U.S. at 24. The officers must use the "least" intrusive means reasonably available to check the person for weapons. Florida v. Royer, 460 U.S. 500, 103 S.Ct. 1325 (1985).

Morehart gave no explanation or reason for believing that the petitioner was armed and dangerous. In fact, the petitioner was not even a suspect

at this point. Morehart had arrived at the residence to investigate one of his own probationers, Norma Johnson. Regardless, however, Morehart had no reason to intrude into the pocket of the petitioner. Furthermore, P.O. Morehart's own explanation for the intrusion was, not to search for a weapon, but to find "anything that might be on his person." (Supp. Hrng. Transcripts, p. 30).

On a final note, by his own admission, P.O. Morehart failed to abide by any of the departmental regulations, adding specifically a reference to subsection B of section 7.18. This subdivision entails the procedures following any search of a probationer. Whereas, Morehart was unable to substantiate his unreasonable search, he foresook the mandated departmental regulations. (Attachment Two). This further demonstrates the utter disregard for the petitioner's due process rights.

Subsection B is required even in the event of exigent circumstances. Bolstered by the mandatory language contained in subsection D, it is plain that the procedures outlined in subsection B must be followed in order to safeguard the rights of the probationer. It is also plain on the record that P.O. Morehart decided to disregard petitioner's rights.

It is apparent from these facts, supported by the record, that Morehart completely disregarded all the mandated by law, departmental regulations; as well as exceeded the Constitutional protections, as outlined in Terry and Dickerson. Terry, supra; Dickerson v. U.S., 508 U.S. 366, 113 S.Ct. 2130 (1993).

4/7/05
DATE

Curtis McAllister, #154238
DCC, 1181 Paddock Rd.
Smyrna, DE  19977-9679

STATE OF DELAWARE
DEPARTMENT OF CORRECTION
BUREAU OF COMMUNITY CUSTODY AND SUPERVISION
OFFICE OF PROBATION AND PAROLE

CONDITIONS OF SUPERVISION

NAME: _____   STATUS: _____ DOB: ___/___/___
        LAST     FIRST     MI

TERM/LEVEL: _____/_____   COURT: _____

TERM/LEVEL: _____/_____   CR A #(s): _____

TERM/LEVEL: _____/_____   _____

You have been placed under the supervision of the Delaware Department of Correction. You must comply with the following Conditions of Supervision.

1. You must not commit a new criminal offense or moving motor vehicle offense during the supervision period.

2. You must report any new arrest, conviction or police contact within 72 hours to your Supervising Officer.

3. You must report to your Supervising Officer at such times and places as directed, and permit the Probation/Parole Officer to enter your home and/or visit places of employment.

4. You must have authorization from your Supervising Officer to leave the State of Delaware or your approved State of residence.

5. You must report any changes of residence and/or employment within 72 hours to your Supervising Officer.

6. You must have written approval of your Supervising Officer to own, possess, or be in control of any firearm or deadly weapon. (**NOTE: Del. Code Title 11, Section 1448 prohibits purchase, possession, ownership or control of any deadly weapon by persons convicted of a felony, crime of violence, drug offense or commitment for a mental disorder.**)

7. You are not to possess or consume a controlled substance or other dangerous drugs unless prescribed lawfully. You are subject to random testing as directed by your Supervising Officer.

8. You must pay a Supervision Fee as required by State Law in accordance with a schedule as established by the Department of Correction.

9. You must comply with any Special conditions imposed at any time by your Supervising Officer, the Court and/or the Board of Parole.

P&P #516   04/27/93                                              (OVER)

*Attachment One*

-2-

## SPECIAL CONDITIONS

___ A. Pay all fines, costs, restitution, fees, penalties, and other financial obligations as ordered by the Court.

___ B. Complete any evaluation or treatment recommended for substance abuse.

___ C. Complete any psychiatric/psychological evaluation or treatment recommended.

___ D. No contact with victim._____

___ E. Community Work Program: Community Service/Work Referral.

___ F. Other:

You are hereby advised that under the law, the Court or Board of Parole may at any time revoke for cause, modify the Conditions of Supervision, reduce the period of supervision and may issue a Warrant/Capias for any violation during the period of supervision. **YOU ARE SUBJECT TO ARREST AND TO A SEARCH OF YOUR LIVING QUARTERS, PERSON OR VEHICLE WITHOUT A WARRANT AT ANY TIME BY A PROBATION/PAROLE OFFICER.** I have read or have had read to me the above Conditions of Supervision. I consent to and fully understand their content and meaning.

_____          _____
PROBATIONER/PAROLEE                   DATE


_____          _____
WITNESS                               DATE


ORIGINAL: PROBATIONER/PAROLEE
CC: FILE

| STATE OF DELAWARE<br>DEPARTMENT OF CORRECTION | PROCEDURE NUMBER:<br>7.18 | PAGE NUMBER:<br>1 OF 2 |
|---|---|---|
| BUREAU OF COMMUNITY CUSTODY AND SUPERVISION | RELATED ACA STANDARD: | 2-3160 |
| DIVISION OF COMMUNITY SERVICES | RELATED DOC POLICY: | |
| SECTION: 7<br>SUPERVISION ACTIVITIES | TITLE:   PRE-SEARCH CHECKLIST | |
| APPROVED BY DIRECTOR: *[signature]* | | |
| EFFECTIVE DATE:   12-16-94 | | |

I.  Authority:      11 Del Code 4321

II. Purpose:       The Pre-Search Checklist is a case conference guideline to be used by the Officer and Supervisor prior to the Officer conducting a personal or property search of a offender. The checklist outlines the factors leading to the decision to search and the pre-search strategy. This form does not have to be completed for a routine patdown search.

III. Applicability: All Officers and Supervisors.

IV. Definitions:   None

V.  Procedures

   A.  Prior to a personal search or a living quarters/property search:

       1.  The Officer and the supervisor shall have a case conference. The Pre-Search Checklist (P&P Form #566) should be used as a guideline unless emergency circumstances dictate otherwise.

       2.  The Officer completes, signs and dates the checklist.

A-16

*Attachment Two*

| STATE OF DELAWARE DEPARTMENT OF CORRECTIONS BUREAU OF COMMUNITY CUSTODY AND SUPERVISION DIVISION OF COMMUNITY SERVICES | PROCEDURE NUMBER: 7.18 | PAGE NUMBER: 2 of 2 |
|---|---|---|
| | TITLE: PRE-SEARCH CHECKLIST | |

      3. The supervisor approves and signs the completed checklist.

      4. If the decision is made to not conduct the search the completed checklist shall be placed in the offender's case file.

  B. Following the search:

      1. Within 48 hours of the search or reasonable justification provided for a later completion time, the Officer shall complete the corresponding Arrest/Incident Report and attach the completed checklist to the Arrest/Incident Report.

      2. The Pre-Search Checklist and the Arrest/Incident Report are to be made in triplicate (one for the Director, one for the offender's case file and one for the Officer's file.

      3. Submit the Pre-Search Checklist and the Arrest/Incident Report to the Director via the supervisors.

  C. Review

    The Director will establish a review process and will forward all copies of the Pre-Search checklist to the appropriate person(s) for their review.

  D. General Comments.

    All decisions to search and pre-search strategy shall be conducted in compliance with Division procedures.

P&P #506.02/94

CLIENT'S NAME

ADDRESS

| PRE-ARREST CHECKLIST |
| --- |
| (MUST BE ATTACHED TO DETAILED ARREST INCIDENT REPORT) |

ARREST DECISION FACTORS:

Reason exists to believe client is engaged or about to engage in a clear and substantial risk to the community or their self                           YES _____ NO _____

An active warrant/capias exists                                                        YES _____ NO _____

Client has a capias history                                                            YES _____ NO _____

Client likely to abscond                                                               YES _____ NO _____

Are there exigent circumstances                                                        YES _____ NO _____

PRE-ARREST STRATEGY:

Supervisor/Manager/Director notified                                                   YES _____ NO _____

Briefing held                                                                          YES _____ NO _____

Superior force present to make arrest                                                  YES _____ NO _____

Personnel trained in arrest procedures, handcuffing techniques, and defensive tactics (If not, explain in arrest report)                        YES _____ NO _____

Police contacted to make the arrest                                                    YES _____ NO _____

TEAM MEMO:

PROBATION/PAROLE OFFICER                    DATE

| PRE-SEARCH CHECKLIST |
| --- |
| (MUST BE ATTACHED TO DETAILED ARREST/INCIDENT REPORT) |

DECISION TO SEARCH:

Strong reason to believe the client possesses contraband                               YES _____ NO _____

Strong reason to believe the client is in violation of probation/parole                YES _____ NO _____

Information from a reliable informant indicating client possesses contraband or is violating the law                     YES _____ NO _____

Information from the informant is corroborated ✓                                       YES _____ NO _____

Approval obtained from Supervisor/Manager/Director (If not, only extreme exigent circumstances should be cause to proceed) ✓                    YES _____ NO _____

PRE-SEARCH STRATEGY:

Proper planning for search been done                                                   YES _____ NO _____

Sufficient staff to search                                                             YES _____ NO _____

Individual responsibilities assigned                                                   YES _____ NO _____

Police called to provide search security ✓                                             YES _____ NO _____

Persons involved in search have been properly trained                                  YES _____ NO _____

Arrangement made to secure contraband potentially seized                               YES _____ NO _____

SUPERVISOR                    DATE

A-18

(handwritten right margin): 7/18 ✓(A)(1)(?)
✓(B)
✓(D)

| STATE OF DELAWARE<br>DEPARTMENT OF CORRECTION<br>BUREAU OF COMMUNITY CUSTODY AND SUPERVISION<br>DIVISION OF COMMUNITY SERVICES | PROCEDURE NUMBER:<br>7.19 | PAGE NUMBER:<br>1 OF 4 |
|---|---|---|
| | RELATED ACA STANDARD: | 2-3160 |
| | RELATED DOC POLICY: | 5.2, 8.32 |
| SECTION: 7<br>SUPERVISION ACTIVITIES | TITLE: SEARCHES/SEIZURE | |
| APPROVED BY DIRECTOR: *[signature]* | | |
| EFFECTIVE DATE: 12-16-91 | | |

I. Authority:      11 Del Code 4321

II. Purpose:       To establish procedures for when and how a search of a offender or the offender's living quarters or property might properly be conducted.

III. Applicability: To all Division of Community Services employees

IV. Definitions:

    A.    Personal Search: A search of a offender's person, including but not limited to, the offender's pockets, frisking the offender's body, examination of the offender's shoes and hat and an inspection of the offender's mouth. An Officer conducting the search must be of the same gender as the offender.

    B.    Living Quarters and Property Search: A search of the offender's living quarters, which should generally be confined to areas actually occupied by the offender, and which would include common areas such as kitchen, bathroom, living room, etc. and the offender's property, i.e. automobile.

    C.    Contraband: Any item that a offender may not have in their control or possession pursuant to the Court, the Board of Parole, state or federal law or the conditions of supervision (i.e. deadly weapon, illegal drugs).

| STATE OF DELAWARE DEPARTMENT OF CORRECTIONS BUREAU OF COMMUNITY CUSTODY AND SUPERVISION DIVISION OF COMMUNITY SERVICES | PROCEDURE NUMBER: 7.19 | PAGE NUMBER: 2 OF 4 |
|---|---|---|
| | TITLE: SEARCHES/SEIZURE | |

V. Procedures:

A.  Types of Searches:

There are two types of searches Officers may conduct. These include a personal search (a physical search of the offender) and a search of living quarters and property, including automobiles. Strip searches or body cavity searches by Community Services staff are prohibited.

B.  Guidelines:

1.  Before any search is conducted, Officers must first have the approval of a supervisor or designee, unless emergency circumstances dictate otherwise. The Pre-Search Checklist will be used to assist in the decision making process.

2.  Personal searches will be conducted when a offender is taken into custody. Personal searches should as a rule be conducted by members of the same gender.

3.  Officers should seek the assistance of other law enforcement officials when conducting a search of living quarters or property. This is to provide security only and they should not assist in the search.

4.  Searches should never be made solely on the basis of a request from law enforcement officials, but should be the decision of the Officer.

5.  Officers will strive to preserve the dignity of offenders in all searches conducted.

6.  Whenever feasible, before a search is conducted, the offender should be informed that a search is about to occur, its location, and why the search is being conducted.

7.  Generally, if the offender whose living quarters or property is being searched is not present, the Officer should not enter the premises. A search should be conducted in the presence of an Officer or other law enforcement officers.

A-20

| STATE OF DELAWARE<br>DEPARTMENT OF CORRECTIONS<br>BUREAU OF COMMUNITY CUSTODY<br>AND SUPERVISION<br>DIVISION OF COMMUNITY SERVICES | PROCEDURE NUMBER:<br><br>7.19 | PAGE NUMBER:<br><br>3 OF 4 |
|---|---|---|
| | TITLE:   SEARCHES/SEIZURE | |

8. In conducting searches, Officers shall disturb the effects of the offender as little as possible. Care should be taken to prevent infringement on the rights of other occupants of the dwelling.

9. During searches, Officers should not read any legal materials, communication between the offender and an attorney, or materials prepared in anticipation of a lawsuit. This does not include business records.

10. If any items are damaged pursuant to the search of the offender's living quarters or property, the offender may file a complaint to the agency Director.

11. Officers who conduct the search should at a minimum, have received agency training as to these procedures as well as the methods and techniques involved in conducting personal and living quarter searches.

12. The offender should be given a written inventory of property confiscated. See section ~~7.21~~ 7.20.

13. After the search has been conducted, a written report will be made using the agency "Arrest/Incident Report" form. A copy of this form should be filed in the case folder of the offender for whom the search was conducted. In addition to the information routinely requested by the "Arrest/Incident Report", this report should also contain information as to the reason for conducting the search, any items seized pursuant to the search and whether any damage was done to the premises or property during the search. A copy of the Pre Search Checklist will be submitted with the arrest/incident report.

C. Decision Criteria To Search:

In deciding whether there are reasonable grounds to believe a offender is violating conditions of supervision or possesses contraband, or a offender's living quarters or property contains contraband, Officers should consider:

1. Observation by a staff member.

2 Information provided by an informant.

A-21

| STATE OF DELAWARE<br>DEPARTMENT OF CORRECTIONS<br>BUREAU OF COMMUNITY CUSTODY<br>AND SUPERVISION<br>DIVISION OF COMMUNITY SERVICES | PROCEDURE NUMBER:<br>7.19<br>TITLE: SEARCHES/SEIZURE | PAGE NUMBER:<br>4 OF 4 |
|---|---|---|

3. The reliability of the information. In evaluating reliability, attention should be given to whether the information is detailed and consistent, and whether it is corroborated.

4. The reliability of an informant. In evaluating reliability, attention should be given to whether the informant has supplied reliable information in the past, and whether the informant has reason to supply inaccurate information.

5. The activity of a offender that indicates the offender might possess contraband.

6. Information provided by the offender which is relevant to whether the offender possesses contraband.

7. Experience of Officers with a offender, or any similar circumstances.

8. Prior seizures of contraband from a offender.

9. Whether the offender has signed the Conditions of Supervision.

10. Prior conviction pattern.

D. Out Of State Searches:

No Officers shall conduct personal or property searches outside of the state.

A-22

CERTIFICATE OF SERVICE

I, _Curtis McAllister_, hereby certify that I have served a true and correct cop(ies) of the attached: _Amendment To Petition For Writ of Habeas Corpus_ upon the following parties/person(s):

TO: _Deputy Att. General_
_Dept. of Justice_
_820 N. French St._
_Wilmington, DE_
_19801_

TO: _____

TO: _____

TO: _____

BY PLACING SAME IN A SEALED ENVELOPE and depositing same in the United States Mail at the Delaware Correctional Center, Smyrna, DE 19977, r

On this _7_ day of _April_, 200_5_.

_Curtis McAllister_

IM Curtis McAllister
SB# 154238  UNIT S-1
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

7003 2260 0002 9200 5912

United States District Court
Court Clerk
844 N. King St  Lock Box 18
Wilmington, De
19801