Not Reported in F.Supp.2d  
2002 WL 32332374 (D.Del.)  
**(Cite as: 2002 WL 32332374 (D.Del.))**

Page 1

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court,  
D. Delaware.  
Dwayne E. CROPPER, Petitioner,  
v.  
Thomas L. CARROLL, Warden, and Attorney General of the State of Delaware,  
Respondents.  
**No. Civ.A. 02-308-JJF.**

Aug. 27, 2002.

Dwayne E. Cropper, Petitioner, pro se.

Elizabeth Roberts McFarlan, of the State of Delaware Department of Justice, Wilmington, Delaware, for Respondents.

*MEMORANDUM OPINION*

FARNAN, J.

***1** Presently before the Court is a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (D.I.2) filed by Petitioner Dwayne E. Cropper. Respondents ask the Court to dismiss the Petition as time barred by the one-year period of limitation prescribed in 28 U.S.C. § 2244(d)(1). For the reasons set forth below, the Court finds that the Petition is not time barred. The Court concludes, however, that Petitioner's claims are not cognizable on federal habeas review. Accordingly, the Court will deny the Petition.

I. BACKGROUND

On February 20, 1996, a grand jury in the Delaware Superior Court charged Petitioner with attempted murder in the first degree and possession of a deadly weapon during the commission of a felony. The charges were based on the January 21, 1996 stabbing of Petitioner's wife at their home in Wilmington. On February 24, 1999, a jury found Petitioner guilty as charged. The Superior Court sentenced Petitioner as a habitual offender on April 9, 1999, to thirty-five years in prison followed by ten years of decreasing levels of supervision. The Delaware Supreme Court affirmed. *Cropper v. State,* No. 200, 1999, 2000 WL 139992 (Del. Jan. 21, 2000).

Petitioner filed in the Superior Court a motion for modification of sentence on February 29, 2000. The Superior Court amended Petitioner's sentence on March 23, 2000, to provide that he be placed in a drug treatment program while incarcerated, but denied the motion for modification in all other respects. Petitioner did not appeal to the Delaware Supreme Court.

On January 8, 2001, Petitioner filed in the Superior Court a motion for postconviction relief pursuant to Rule 61 of the Superior Court Rules of Criminal Procedure. The Superior Court denied the motion. *State v. Cropper,* No. 9601010152 (Del.Super. Ct. June 15, 2001). The Delaware Supreme Court affirmed the denial of postconviction relief. *Cropper v. State,* No. 309, 2001, 2001 WL 1636542 (Del. Dec. 10, 2001).

Petitioner has now filed with the Court the current Petition seeking federal habeas corpus relief. Petitioner alleges that: (1) the Superior Court abused its discretion and deprived him of his right to due process by denying his motion for postconviction relief without allowing him to amend his motion; (2) the judge originally assigned to his postconviction proceedings retired, and a new judge was assigned without giving Petitioner fair notice; and (3) the Superior Court deprived him of his constitutional rights by denying his postconviction motion without appointing counsel or conducting an evidentiary hearing. (D.I. 2, Mem. at 3.)

II. DISCUSSION

A. Timeliness

1. One-Year Period of Limitation

In the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress amended the federal habeas statute by prescribing a one-year period of limitation for the filing of habeas petitions by state prisoners. *Stokes v. District Attorney of the County of Philadelphia,* 247 F.3d 539, 541 (3d Cir.), *cert. denied,* 122 S.Ct. 364 (2001).

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                          Page 2
2002 WL 32332374 (D.Del.)
**(Cite as: 2002 WL 32332374 (D.Del.))**

Effective April 24, 1996, the AEDPA provides:
  **\*2** (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review ...
28 U.S.C. § 2244(d).

According to Respondents, 368 days lapsed after Petitioner's conviction became final before he filed the current Petition. For this reason, they ask the Court to dismiss the Petition as untimely. The Court will deny this request for the reasons that follow.

The Delaware Supreme Court affirmed Petitioner's conviction on January 21, 2000. Although Petitioner did not seek review from the United States Supreme Court, the ninety-day period in which he could have filed a petition for a writ of certiorari is encompassed within the meaning of "the conclusion of direct review or the expiration of the time for seeking such review," as set forth in § 2244(d)(1)(A). *See Kapral v. United States,* 166 F.3d 565, 576 (3d Cir.1999) (holding that on direct review, the limitation period of § 2244(d)(1)(A) begins to run at the expiration of the time for seeking review in the United States Supreme Court). Therefore, Petitioner's conviction became final on April 20, 2000, ninety days after the Delaware Supreme Court affirmed his sentence.

The Court's docket reflects that the current Petition was filed on April 29, 2002. (D.I.2.) A pro se prisoner's habeas petition, however, is deemed filed on the date he delivers it to prison officials for mailing to the district court, not on the date the district court dockets it. *Burns v. Morton,* 134 F.3d 109, 113 (3d Cir.1998). Here, Petitioner certifies that he mailed his Petition to the Clerk of this Court by placing it in the United States Mail at the Delaware Correctional Center on March 25, 2002. (D.I. 2, Certificate of Service.) The Court thus deems the Petition filed on March 25, 2002.

In short, Petitioner's conviction became final on April 20, 2000. He filed his Petition nearly two years later on March 25, 2002. That, however, does not necessarily require dismissal of the Petition as untimely, because the one-year period is subject to statutory tolling. *See Jones v. Morton,* 195 F.3d 153, 158 (3d Cir.1999).

2. Statutory Tolling

The AEDPA provides for statutory tolling of the one-year period of limitation as follows:
  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.
28 U.S.C. § 2244(d)(2).

Here, Petitioner filed a motion for postconviction relief on January 8, 2001, which the Superior Court denied on June 15, 2001. The Delaware Supreme Court affirmed the denial of postconviction relief on December 10, 2001. Respondents acknowledge, and correctly so, that the one-year period of limitation was tolled while this motion was pending. Thus, the period of time from January 8, 2001, through December 10, 2001, does not count toward the one-year period of limitation.

**\*3** The Court finds that applying the statutory tolling provision to the above-described period of time renders the Petition timely filed. From April 20, 2000 (the date Petitioner's conviction became final) until January 8, 2001 (the date he filed his Rule 61 motion), a period of 262 days lapsed during which no postconviction proceedings were pending. [FN1] Petitioner then had 103 days in which to file his Petition within the one-year period, *i.e.,* not later than March 23, 2002. [FN2] Because March 23, 2002, was a Saturday, the period of time was automatically extended until Monday, March 25, 2002. *See* Fed.R.Civ.P. 6(a). As described above, Petitioner filed his Petition on March 25, 2002. [FN3]

> FN1. Respondents assert that 263 days lapsed because they count April 20, 2000, as the first day of the one-year period. (D.I. 9 at 4.) In federal court, the day of the triggering event is not included when computing any period of time prescribed by an applicable statute of limitation.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d  
2002 WL 32332374 (D.Del.)  
**(Cite as: 2002 WL 32332374 (D.Del.))**

Page 3

*See* Fed.R.Civ.P. 6(a). Thus, April 20 does not count toward the one-year period.

FN2. Respondents also incorrectly count December 10, 2001, the day the Delaware Supreme Court affirmed the denial of postconviction relief. *See* Fed.R.Civ.P. 6(a), *supra* note 1.

FN3. In their statutory tolling discussion, Respondents do not mention Petitioner's motion for modification of sentence filed in the Superior Court on February 29, 2000. The Superior Court granted this motion in part and denied it in part on March 23, 2000. Petitioner did not appeal to the Delaware Supreme Court. Because the Court has concluded that the Petition is timely, the Court need not consider the effect, if any, of Petitioner's motion for modification of sentence on the statutory tolling analysis.

For these reasons, the Court concludes that the Petition was filed within the one-year period of limitation. Thus, the Court will deny Respondents' request to dismiss the Petition as time barred.

B. Petitioner's Claims

A federal court may entertain a habeas petition filed by a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). In reviewing a habeas petition, a federal court "is limited to evaluating what occurred in the state or federal proceedings that actually led to the petitioner's conviction: what occurred in the petitioner's *collateral* proceeding does not enter into the habeas calculation." *Hassine v. Zimmerman,* 160 F .3d 941, 954 (3d Cir.1998) (emphasis in original).

Here, the Court cannot find any challenge in the Petition to any of the "proceedings that actually led to the petitioner's conviction." *Id.* Rather, the Court finds that each of Petitioner's claims is an attempt to challenge various aspects of his postconviction proceedings. As set forth previously, Petitioner challenges the reassignment of his postconviction motion to a new judge without notice. He challenges the judge's denial of his postconviction motion without allowing him to amend it. He challenges the denial of his motion for postconviction relief without appointing counsel [FN4] or conducting an evidentiary hearing. Each of these claims challenges Petitioner's collateral proceedings, not the proceedings that led to his conviction.

FN4. The Court notes that "[t]here is no constitutional right to an attorney in state post-conviction proceedings." *Coleman v. Thompson,* 501 U.S. 722, 752 (1991).

In sum, Petitioner's claims are not cognizable on federal habeas review. Accordingly, the Court will deny the Petition.

C. Certificate of Appealability

Finally, the Court must determine whether a certificate of appealability should issue. *See* Third Circuit Local Appellate Rule 22.2. The Court may issue a certificate of appealability only if Petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a district court has rejected the petitioner's claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

**\*4** Here, the Court has concluded that Petitioner's claims do not provide a basis for granting federal habeas relief. The Court is persuaded that reasonable jurists would not debate the correctness of its conclusions. Because Petitioner has failed to make a substantial showing of the denial of a constitutional right, the Court declines to issue a certificate of appealability.

III. CONCLUSION

For the reasons discussed above, the Court will deny Petitioner Dwayne E. Cropper's Petition for Writ of Habeas Corpus. The Court will not issue a certificate of appealability.

An appropriate Order will be entered.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                              Page 4
2002 WL 32332374 (D.Del.)
**(Cite as: 2002 WL 32332374 (D.Del.))**

2002 WL 32332374 (D.Del.)

### Motions, Pleadings and Filings (Back to top)

• 1:02CV00308 (Docket) (Apr. 29, 2002)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.