UNITED STATES DISTRICT COURT

DISTRICT OF DELAWARE

CURTIS E. MCALLISTER,  )
      Petitioner )

v.   )   Civ. Action No. 05-78-SLR
   )

THOMAS L. CARROLL, Warden,  )
      Respondant )

FILED
AUG 11 2005
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

RESPONSE TO STATE'S ANSWER

The State brings a quanity of precedent case law to the table in its answer. Unfortunately, Respondants have failed to demonstrate how any of it is applicable to the instant case. For example, the State claims that the petitioner is barred from bringing his Fourth Amendment issues by Stone v. Powell, 96 S.Ct. 3037 (1976). Notably, respondants claim that petitioner has failed to demonstrate that he was not afforded a full and fair opportunity to be heard, despite the fact that petitioner distinctly showed that the cases relied upon by the State, as well as the State courts (Knights & Griffin), are clearly distinguished from his case, meeting the criteria of 28 U.S.C. § 2254(d). A federal court may issue a writ of habeas corpus under this provision if it finds that the state court decision(s) on the merits of the claim either; (1) was contrary to clearly established federal law; or (2) involved an unreasonable application of clearly established federal law. Williams v. Taylor, 529 U.S. 362, 412 (2000).

The respondants rightly point out that, "under 2254(d)(1), 'the Court views its precedents in their particular factual settings. The touchstone precedents are not to be examined by looking to broad pronouncements or generative principles in the opinion.'" (Citing cases).

And yet, that is exactly what the State argues for in its answer. Griffin and Knights constitute clearly settled law, however, the State courts unreasonably applied them to the petitioner's case. (See pages 6, 7, 13 & 14 of Opening Memorandum). Lockyer v. Andrade, 538 U.S. 63, 72 (2003).

Evaluating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case by case determinations. Yarborough v. Alvarado, 541 U.S. 652 (2004).

Griffin and Knights were cases decided under very narrow principles of law, yet, they have been applied broadly by the Delaware State courts in the petitioner's case, as demonstrated in the Opening Memorandum.

Most notable about the respondant's Answer is that on page 5 it is stated that the petitioner was in custody, therefore the search was proper, then on pages 9 & 10, admit that the petitioner was not in custody, therefore, Miranda warnings were not necessary. Was the petitioner in custody or not? The state courts simply have determined, quite unreasonably, that he was-wasn't. Either way, one of

or both of, petitioner's Fourth Amendment claims must prevail.

Finally, there is the unreasonable factual applications reached by the state courts which satisfy Powell's exceptions. (See pages 14 & 15 of Opening Memorandum).

As noted previously, the state courts had determined that the petitioner was not in custody for one purpose, but was in custody for another. The question is- at what point was probation officers vested with some type of legal authority to search the petitioner and remove personal items already determined not to be weapons or obvious contraband ? (Ex. 5 & 6). The petitioner was escorted into the residence, against his will; surrounded by officers, and search for "anything he might have on him."

Probation officers openly acknowledged in court that they did not know what procedures they were required to follow nor that they were even required to follow them. (Ex. 4). It is by their own admission that probation officers unwittingly violated the petitioner's rights. Regardless of this admission, however, is the fact still remains that they nonetheless violated the petitioner's due process rights.

These issues were never addressed by the state courts even though the issues had been brought forth. This clearly is the kind of exceptions that were anticipated by Stone v. Powell's full and fair opportunity to be heard clause.

The failure of the state courts to seriously address the petitioner's Fourth Amendment claims frustrates the role of the federal judiciary, in that the state courts hide behind a shield never intended to protect them from federal review in certain instances. This case falls squarely into the category of the latter.

These, in combination with the petitioner's other claims, give this Court ample grounds to grant the petitioner's writ of habeas corpus.

___9th of August, 2005___  ___Curtis E. McAllister___
DATE                        Curtis E. McAllister, #154238
                            DCC, 1181 Paddock Rd.
                            Smyrna, DE  19977-9679

# Certificate of Service

I, __Curtis McAllister__, hereby certify that I have served a true and correct cop(ies) of the attached: __Response to State's Answer__ _____ upon the following parties/person(s):

TO: __Elizabeth McFarland, DAG__          TO: _____

__Dept. of Justice__                       _____

__820 N. French St.__                      _____

__Wilmington, DE__                         _____

__        19801        __                  _____

TO: _____                   TO: _____

_____                       _____

_____                       _____

_____                       _____

**BY PLACING SAME IN A SEALED ENVELOPE** and depositing same in the United States Mail at the Delaware Correctional Center, Smyrna, DE 19977.

On this _____ day of _____, 200__

_____

$05.11
AUG 10 2005
MAILED FROM ZIP CODE 19977

CERTIFIED MAIL

7003 2260 0002 9200 8579

I/M Curtis McAllister
SBI# 154238  UNIT S-1
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

Office of The Clerk
United States District Court
844 N. King Street, Lock box 18
Wilmington, Delaware
19801-3570