UNITED STATES DISTRICT COURT

DISTRICT OF DELAWARE

ORIGINAL

| | |
|---|---|
| CURTIS E. MCALLISTER,<br>        Petitioner<br>      v.<br>THOMAS CARROLL, Warden;<br>CARL C. DANBERG, Del. A.G.<br>        Respondants | )<br>)<br>)   Civ. No. 05-078-SLR<br>)<br>)<br>) |

NOTICE OF APPEAL

NOTICE IS HEREBY GIVEN, that Curtis McAllister, petitioner in the above captioned case, does hereby appeal the ORDER denying a petition for writ of habeas corpus, entered on March 9, 2006.

This appeal is taken to the United States Court of Appeals for the Third Circuit.

_April 1, 2006_  
DATE

_Curtis E. McAllister_  
Curtis E. McAllister, #154238  
DCC, 1181 Paddock Rd.  
Smyrna, DE 19977-9679

FILED  
APR 0 4 2006  
U.S. DISTRICT COURT  
DISTRICT OF DELAWARE

RD Scanned

UNITED STATES COURT OF APPEALS

FOR THE THIRD CIRCUIT

| | | |
|---|---|---|
| CURTIS E. MCALLISTER<br>　　　Petitioner below,<br>　　　Appellant | )<br>)<br>) | No. _____ |
| v. | ) | |
| THOMAS CARROLL, Warden;<br>CARL C. DANBERG, Del. A.G.<br>　　　Respondants,<br>　　　Appellees | )<br>)<br>)<br>) | D.Del.Ct.No. CV-05-078-SLR |

APPLICATION FOR CERTIFICATE OF APPEALABILITY

PURSUANT TO 28 U.S.C. 2253(c)(2)

1. The applicant, Curtis McAllister, pro se, petitioned the Delaware District Court for a writ of habeas corpus; which was denied on March 9, 2006. The court also declined to issue a(n) COA.

2. McAllister filed a Notice of Appeal in said District Court, dated _April 1, 2006_.

3. The unconstitutional detention complained of arose from a conviction in the Delaware Superior Court, New Castle County.

4. McAllister will demonstrate that reasonable jurists would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and whether the district court was correct in its ruling. Slack v. McDaniels, 529 U.S. 473, 120 S.Ct. 1595 (2000).

5. The questions to be settled on appeal are:

(a) Whether the district court correctly applied the Stone v. Powell

rule to bar McAllister's Fourth Amendment claims from being properly decided in a federal forum. 428 U.S. 465, 96 S.Ct. 3037 (1976).

In its Opinion, the District Court states:

> "Whether or not a state court incorrectly decided a petitioner's Fourth Amendment claim is immaterial to the full and fair opportunity analysis."

Mem.Op., March 9, 2006, Robinson, J., p.9

In Stone, the U.S. Suprem Court held that where the state courts have addressed a petitioner's Fourth Amendment claims, the cost of applying the exclusionary rule on collateral review outweigh the modest benefit of marginally deterring future Fourth Amendment violations. Unfortunately, state courts have interpreted this clause as carte blanch for rejecting meritous Fourth Amendment violation claims.

The essential premise in the Stone Court's analysis was the presumption that state courts take Fourth Amendment claims seriously. For if state courts do not adequately address these claims, the benfits associated with collateral review are no longer just "marginal." Indeed, if Fourth Amendment claims fall on deaf ears in the state courts and defendants are then precluded from raising their claims on collateral review, the efficacy of the exclusionary rule in deterring future Fourth Amendment violations would be undermined. Bostick v. Peters, 3 F.3d 1023, 1026 (7th Cir.1993).

The presentation of a Fourth Amendment claim is frustrated by a failure in the state procedural mechanism if there is no meaningful

inquiry by the state courts into the Fourth Amendment claim, either because the state courts did not carefully and thoroughly address the factual basis of the petitioner's claim or because the state courts did not apply the <u>proper constitutional case law</u> to the facts as developed. <u>Bostick</u>, 3 F.3d at 1027 (Emphasis added).

In deciding McAllister's Fourth Amendment claims, the state courts relied on the U.S. Suprem Courts cases of <u>U.S. v. Knight</u>, and, to a more significant extent, <u>Griffin v. Wisconsin</u>. [<u>Griffin</u> was used by the district court to apply the <u>Stone</u> rule.) <u>Knight</u>, 534 U.S. 112 (2001); <u>Griffin</u>, 483 U.S. 868 (1987).

McAllister was able to demonstrate that <u>Knight</u> and <u>Griffin</u> were markedly distinguished from his own case, both factually and legally.

A state court decision is "contrary to" clearly established U.S. Supreme Court precedent if the state court applies a rule that contradicts the governing law set forth in Supreme Court cases or if the state court confronts a set of facts that are materially indistinguishable from a decision of the SupremeCourt and nevertheless arrives at a result different from Supreme Court precedent. However, under the "unreasonable application" clause of 28 U.S.C. 2254(d)(1), the state court's decision must be more than incorrect or erroneous, but must be objectively unreasonable. <u>Lockyer v. Andrade</u>, 538 U.S. 63, 73, 123 S.Ct. 1167 (2003), cf, <u>Williams v. Taylor</u>, 529 U.S. 362, 405-06, 120 S.Ct. 1495 (2000).

A comparison of the facts of McAllister's case, and those of the U.S. Supreme Court precedents applied, demonstrates that the petitioner was denied the opportunity for a full and fair hearing on the merits of his Fourth Amendment claims in the state courts. McAllister v. State, 807 A.2d 1119 (Del.2002).

Furthermore, there were issues of Fourth Amendment violations presented to the state courts that the courts refused to even address. This clearly is the kind of exceptions that were anticipated by Stone's full and fair opportunity to be heard clause.

The failure of the state courts to seriously address McAllisters Fourth Amendment claims frustrates the role of the federal judiciary, in that state courts hide behind a shield never intended to protect them from federal review in certain instances. This case falls squarely into the category of the latter.

(b) Whether the state courts properly adjudicated McAllister's Fifth Amedment violation claim.

In reaching the merits of McAllister's Fifth Amendment claim, the district court upheld factual determinations of the Delaware Supreme that are simply not supported by the record, namely:

    (1) probation officers were not armed;
    (2) probation officers were not blocking petitioner's exit from the home.

Not only were probation officers armed, but McAllister was in handcuffs during the questioning.

4

It is elementary that when a person is placed in restraints (handcuffs) he or she is in custody for <u>Miranda</u> purposes. Essentially, the district court converted this claim into a crdibilty issue rather than a factual determination. Mem.Op., March 9, 2006, Robinson, J., p. 12.

WHEREFORE, in light of the aforementioned, the applicant respectfully requests this Court to issue a Certificate of Appealability.

_April 1, 2006_  
DATE

_Curtis E. McAllister_  
Curtis E. McAllister, #154238  
DCC, 1181 Paddock Rd.  
Smyrna, DE  19977-9679

## Certificate of Service

I, _Curtis E. McAllister_, hereby certify that I have served a true and correct cop(ies) of the attached: _Notice of Appeal_ _____ upon the following parties/person(s):

TO: _Elizabeth R. McFarlan_
_Deputy Attorney General_
_Department of Justice_
_820 N. French Street_
_Wilm, DE. 19801_

TO: _____

TO: _____

TO: _____

BY PLACING SAME IN A SEALED ENVELOPE and depositing same in the United States Mail at the Delaware Correctional Center, Smyrna, DE 19977.

On this _1st_ day of _April_, 200_6_

_Curtis E. McAllister_

I/M Curtis McAllister
SBI# 154238 UNIT S-1/D-4
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

Office of The Clerk
United States District Court
844 N. King Street, Lockbox 18
Wilmington, De.
19801-3570